**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6650**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

KARL E. MOORE, SR.,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:02-cr-00217-RAJ-JEB-1; 2:07-cv-00463-RAJ)

_____

Submitted:  April 10, 2025                    Decided:  April 15, 2025

_____

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Vacated and remanded with instructions by unpublished per curiam opinion.

_____

Karl E. Moore, Sr., Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karl E. Moore, Sr., appeals the district court's order construing his Fed. R. Civ. P. 60(b)(6) motion and motion to supplement that motion as unauthorized, successive 28 U.S.C. § 2255 motions and denying them.[*] On appeal, we confine our review to the issues raised in the informal brief. *See* 4th Cir. R. 34(b). Because Moore's informal brief does not challenge the district court's conclusion that his motions were unauthorized, successive § 2255 motions, Moore has forfeited appellate review of the court's order. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). We conclude, however, that the district court should have dismissed Moore's motions for lack of subject matter jurisdiction rather than deny them. *See Bixby*, 90 F.4th at 155 (recognizing that, when a Fed. R. Civ. P. 60(b) "motion actually s[eeks] permission to raise new and revised claims in a second or successive [habeas] petition," a district court should "dismiss[]—not den[y]—the motion").

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Moore's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Upon review, we conclude that Moore's claims do not meet the relevant standard. *See* 28 U.S.C. § 2255(h). We therefore deny authorization to file a successive § 2255 motion.

---

[*] A certificate of appealability is not required to review the district court's order. *See Bixby v. Stirling*, 90 F.4th 140, 156-57 (4th Cir.), *cert. denied*, 145 S. Ct. 224 (2024); *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

Accordingly, we deny Moore's motion for bail or release pending appeal, and we vacate the district court's order and remand with instructions to dismiss Moore's motions for lack of subject matter jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED WITH INSTRUCTIONS*